# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Limmie Arthur, | ) C/A No. 4:09-2059-CMC-TER |
| Plaintiff, | ) |
| vs. | ) |
| Comminser States of South Carolina, | ) Report and Recommendation |
| Defendant. | ) |

The Plaintiff, Limmie Arthur (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Kirkland Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names the Comminser States of South Carolina as the sole Defendant. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

### Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff filed the instant complaint, unsigned, on August 6, 2009. (Docket Entry No. 1). An Order directing Plaintiff to bring the case into proper form was issued on August 17, 2009. (Docket Entry No. 7). The Order, in addition to directing Plaintiff to sign the complaint, requested service

documents for the only named Defendant, Comminser States of South Carolina. As it was unclear from the pleading exactly what individual or entity the named Defendant was intended to represent, Plaintiff was directed, in the Order, to specifically identify the Defendant in this action. On August 24, 2009, Plaintiff submitted a signed copy of the signature page of his complaint and a summons form listing "State" as the sole Defendant.

Plaintiff's complaint indicates that he has been incarcerated since 1985. Plaintiff was apparently allowed to purchase and smoke cigarettes until recently. Plaintiff now alleges that he cannot purchase tobacco products and that the denial of cigarettes violates his constitutional rights. Plaintiff fears he will begin having "high cholesterol from eating a lot because [he doesn't] have the tobacco." (Complaint, page 4). Plaintiff also states that he still has the "taste" for cigarettes and is suffering withdrawal symptoms due to the denial of tobacco. Plaintiff seeks monetary damages and injunctive relief.

## Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff, a state prisoner, claims that he is being denied tobacco products by the Defendant. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Further, the Eighth Amendment requires that inmates be provided with the basic human needs. *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199-200 (1989). Liberally construed, Plaintiff appears to be alleging that the Defendant's denial of cigarettes constitutes a violation of Plaintiff's Eighth Amendment rights.

However, many Courts have determined that denial of cigarettes does not constitute deliberate indifference to a basic human need. *See Murphy v. Walker*, 51 F.3d 714, 718 n. 8 (7th Cir. 1995)(finding no support in the case law for prisoner's claim that denial of cigarettes amounted to a constitutional violation); *Addison v. Pash*, 961 F.2d 731, 732 (8th Cir. 1992)(citing *Wilson v. Seiter*, 501 U.S. 294 (1991)); *Austin v. Lehman*, 893 F. Supp. 448, 452 (E.D. Pa. 1995)(deprivation of bi-weekly cigarette allotment did not constitute denial of life's basic necessities and did not rise to the level of an Eighth Amendment Violation). *See also Reynolds v. Bucks*, 833 F. Supp. 518, 520 (E.D. Pa. 1993)(prison smoking ban does not constitute cruel and unusual punishment.) As the Defendant's denial of tobacco products does not rise to the level of a constitutional violation, Plaintiff's claim for monetary damages and injunctive relief must fail.

Further, to the extent Plaintiff is attempting to state a claim for deliberate indifference to medical needs, his claim is also subject to dismissal. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In the present action, Plaintiff claims he has a "taste" for cigarettes and that he has "all kind[s] of head problem[s]."

4

(Complaint, page 3). However, Plaintiff provides no factual information to indicate that his tobacco withdrawal symptoms constitute a serious medical condition, which is required to state a cognizable claim of deliberate indifference. *See Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008). Plaintiff also alleges that the denial of cigarettes could result in health problems from overeating. However, such a claim rests on mere speculation or conjecture at this time, and is insufficient to state a violation of Plaintiff's constitutional rights under § 1983. *See U.S. v. Banks*, 370 F.2d 141, 145 (4th Cir. 1966)(speculative claim insufficient to support finding of actual prejudice in case alleging constitutional violation).

Finally, it is noted that it is still unclear, from the pleading and service document submitted by the Plaintiff, exactly which individual or entity the Defendant listed as "Comminser States of South Carolina" is intended to represent. However, to the extent Plaintiff is naming the State of South Carolina, his complaint must fail, because the State is protected from suit by the Eleventh Amendment. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, i.e. protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. State agencies and state instrumentalities share this immunity when they are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[2]

---

[2] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a

The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). As the State of South Carolina is protected from a suit brought pursuant to § 1983 by Eleventh Amendment immunity, any claims the Plaintiff may be attempting to allege against the State of South Carolina are subject to summary dismissal.

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

September 22 , 2009
Florence, South Carolina

---

federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, the State of South Carolina has not consented to such actions. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).